NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: August 21, 2023

S23A0892. CHANEY v. THE STATE.

BETHEL, Justice.

Sixteen years after his conviction for felony murder and other crimes,[1] Appellant James Chaney filed an extraordinary motion for new trial in the trial court, raising claims of ineffective assistance of trial counsel. The trial court dismissed the motion, and Chaney now appeals. For reasons different than those relied upon by the trial court, we affirm.

It appears that the trial court construed Chaney's motion as one seeking an out-of-time appeal, and in dismissing the motion, the trial court relied on this Court's decision in *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022), which held that the out-of-time

---

[1] This Court reviewed and affirmed Chaney's convictions on direct appeal in *Chaney v. State*, 281 Ga. 481 (640 SE2d 37) (2007).

appeal procedure "is not a legally cognizable vehicle for a convicted defendant to seek relief for alleged constitutional violations." But an extraordinary motion for new trial is distinct from an out-of-time appeal, and, therefore, the trial court's reliance on *Cook* was misplaced. See *Bohannon v. State*, 262 Ga. 697, 698 (425 SE2d 653) (1993). Nevertheless, Chaney's motion was properly dismissed.

Chaney's extraordinary motion for new trial raised only claims of ineffective assistance of trial counsel. An extraordinary motion for new trial, however, is an improper vehicle for such claims because an adequate alternative remedy exists in the form of habeas corpus. *Mitchum v. State*, 306 Ga. 878, 887 (2) (834 SE2d 65) (2019) ("Because habeas corpus provided an adequate remedy, an extraordinary motion for new trial was not the appropriate vehicle for [appellant] to pursue his claims, [including claims of ineffective assistance of trial counsel,] and the trial court should have dismissed the motion."). Accordingly, we affirm the trial court's dismissal of Chaney's extraordinary motion for new trial.

*Judgment affirmed. All the Justices concur.*